UNITED STATES BANKRUPTCY COURT
DISTRICT OF
DIVISION

| In re: | | § | |
| | | § | |
| Danny Williams | | § | Case No. 6:13-bk-10212-CCJ |
| | | § | |
| | Debtor(s) | § | |

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1.  A petition under chapter     of the United States Bankruptcy Code was filed on
    .  The undersigned trustee was appointed on                    .

2.  The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3.  All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4.  The trustee realized gross receipts of                    $

    Funds were disbursed in the following amounts:

    Payments made under an interim
    disbursement
    Administrative expenses
    Bank service fees
    Other payments to creditors
    Non-estate funds paid to 3rd Parties
    Exemptions paid to the debtor
    Other payments to the debtor

    Leaving a balance on hand of[1]                    $

The remaining funds are available for distribution.

_____

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

**UST Form 101-7-TFR (5/1/2011)** *(Page: 1)*

5.  Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

6.  The deadline for filing non-governmental claims in this case was                    and the deadline for filing governmental claims was                  . All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved.  If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7.  The Trustee's proposed distribution is attached as **Exhibit D**.

8.  Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $          .  To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $        as interim compensation and now requests a sum of $          , for a total compensation of $        [2].  In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $        , and now requests reimbursement for expenses of $          , for total expenses of $        [2].

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date:_____     By:/s/Richard B. Webber II, Trustee_____
                                                          Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Exhibit A

| Case No: | 13-10212 | CCJ | Judge: | Cynthia C. Jackson | Trustee Name: | Richard B. Webber II, Trustee |
|---|---|---|---|---|---|---|
| Case Name: | Danny Williams | | | | Date Filed (f) or Converted (c): | 08/15/2013 (f) |
| | | | | | 341(a) Meeting Date: | 09/26/2013 |
| For Period Ending: | 03/05/2014 | | | | Claims Bar Date: | 01/30/2014 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Est Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. The Debtor Has A Home Located At 1125 Sophie Blvd., Orlando, | 0.00 | 0.00 | | 0.00 | FA |
| 2. The Debtor Has A Checking Account With Partners Credit Union | 0.00 | 0.00 | | 0.00 | FA |
| 3. The Debtor Has In His Home The Following Items: Living Room | 900.00 | 0.00 | | 0.00 | FA |
| 4. The Debtor Has An Assortment Of Clothing In His Closet. | 50.00 | 0.00 | | 0.00 | FA |
| 5. The Debtor Has A 2004 Ford Ranger Edge With Over 130,000 Mil | 450.00 | 0.00 | | 0.00 | FA |
| 6. The Debtor Owns A 2006 Vtx 1300 Honda With Over 100,000 Mile | 700.00 | 0.00 | | 2,420.00 | FA |
| INT. Post-Petition Interest Deposits (u) | Unknown | N/A | | 0.00 | Unknown |

Gross Value of Remaining Assets

TOTALS (Excluding Unknown Values)          $2,100.00          $0.00          $2,420.00          $0.00

(Total Dollar Amount in Column 6)

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

Equity in vehicles $4,295 (values off: '04 Ranger NADA $3,650, debtor $450; '06 Honda VTX NADA $5,695, debtor $700)

10/10 - need proof of ssn - than asset case

10/25 - t/c from atty - will probably be turning over Honda for auction, then Ranger is exempt and no buyback.  Will advise by 11/1/13

11/5 - app to employ Ewald filed

11/6 - notice of intent to sell filed, obj date up 11/27/13

auction to be held 12/14/13

11/7 - app to employ Ewald granted

12/6 - notice of intent to sell granted

12/23 - gross auction proceeds $2,420 - set up in profiles 11000-517

1/6/14 - Ewald checks printed

2/10 - Claims review complete

2/10 - motion to allow sec claim 1 filed

2/18 - motion to allow sec claim 1 granted

2/21 - ttee fee app filed

2/21 - TFR sent to UST

Exhibit A

Initial Projected Date of Final Report (TFR): 03/01/2014          Current Projected Date of Final Report (TFR): 03/01/2014

Case 6:13-bk-10212-CCJ   Doc 25   Filed 03/06/14   Page 5 of 10

**FORM 2**
**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Case No: 13-10212

Case Name: Danny Williams

Taxpayer ID No: XX-XXX7740

For Period Ending: 03/05/2014

Trustee Name:  Richard B. Webber II, Trustee

Bank Name:  Bank of Kansas City

Account Number/CD#:  XXXXXX3943

Checking

Blanket Bond (per case limit): $35,986,568.00

Separate Bond (if applicable):

Exhibit B

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 12/24/13 | 6 | Robert H. Ewald<br>12472 Lake Underhill Road<br>Suite 312<br>Orlando, FL  32828 | auction proceeds per court order 12/6/13 doc # 18 | 1129-000 | $2,420.00 | | $2,420.00 |
| 01/06/14 | 301 | Robert H. Ewald<br>12472 Lake Underhill Road<br>Suite 312<br>Orlando, FL  32828 | Auction Commission per doc # 20 | 3610-000 | | $440.00 | $1,980.00 |
| 01/06/14 | 302 | Robert H. Ewald<br>12472 Lake Underhill Road<br>Suite 312<br>Orlando, FL  32828 | Auction Expenses per doc # 20 | 3620-000 | | $277.48 | $1,702.52 |

| | | |
|---|---|---|
| COLUMN TOTALS | $2,420.00 | $717.48 |
| Less: Bank Transfers/CD's | $0.00 | $0.00 |
| Subtotal | $2,420.00 | $717.48 |
| Less: Payments to Debtors | $0.00 | $0.00 |
| Net | $2,420.00 | $717.48 |

UST Form 101-7-TFR (5/1/2011) *(Page: 5)*

Page Subtotals: $2,420.00   $717.48

Case 6:13-bk-10212-CCJ    Doc 25    Filed 03/06/14    Page 6 of 10

Exhibit B

TOTAL OF ALL ACCOUNTS

| | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
|---|---|---|---|
| XXXXXX3943 - Checking | $2,420.00 | $717.48 | $1,702.52 |
| | $2,420.00 | $717.48 | $1,702.52 |
| | (Excludes account transfers) | (Excludes payments to debtors) | Total Funds on Hand |

| | |
|---|---|
| Total Allocation Receipts: | $0.00 |
| Total Net Deposits: | $2,420.00 |
| Total Gross Receipts: | $2,420.00 |

Page Subtotals:                    $0.00          $0.00

Exhibit C
ANALYSIS OF CLAIMS REGISTER

Case Number: 6:13-bk-10212-CCJ
Debtor Name: Danny Williams
Claims Bar Date: 1/30/2014

Date: March 5, 2014

| Code # | Creditor Name And Address | Claim Class | Notes | Scheduled | Claimed | Allowed |
|---|---|---|---|---|---|---|
| 100 2100 | Richard B. Webber II PO Box 3000 Orlando, FL 32802-3000 | Administrative | | $0.00 | $605.00 | $605.00 |
| 100 2200 | Richard B. Webber II PO Box 3000 Orlando, FL 32802-3000 | Administrative | | $0.00 | $53.72 | $53.72 |
| 100 3610 | Robert H. Ewald 12472 Lake Underhill Road Suite 312 Orlando, FL 32828 | Administrative | | $0.00 | $440.00 | $440.00 |
| 100 3620 | Robert H. Ewald 12472 Lake Underhill Road Suite 312 Orlando, FL 32828 | Administrative | | $0.00 | $277.48 | $277.48 |
| 1 400 4110 | Partners Fed Cr Un 13705 International Dr S Orlando, Fl 32821 | Secured | allowed w/out distribution 2/18/14 doc # 22 | $0.00 | $24,864.32 | $0.00 |
| 2 300 7100 | Partners Fed Cr Un 13705 International Dr S Orlando, Fl 32821 | Unsecured | | $0.00 | $4,796.85 | $4,796.85 |
| 3 300 7100 | Capital One Bank (Usa) NA Capital One Bank (Usa), N.A. Po Box 71083 Charlotte, Nc 28272-1083 | Unsecured | | $0.00 | $2,149.87 | $2,149.87 |
| | Case Totals | | | $0.00 | $33,187.24 | $8,322.92 |

Code#: Trustee's Claim Number, Priority Code, Claim Type (UTC)

Printed: March 5, 2014

UST Form 101-7-TFR (5/1/2011) *(Page: 7)*

## TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 6:13-bk-10212-CCJ
Case Name: Danny Williams
Trustee Name: Richard B. Webber II, Trustee

Balance on hand                                    $

Claims of secured creditors will be paid as follows:

| Claim No. | Claimant | Claim Asserted | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|---|
| 1 | Partners Fed Cr Un | $ | $ | $ | $ |

Total to be paid to secured creditors                    $_____

Remaining Balance                                          $_____

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: Richard B. Webber II | $ | $ | $ |
| Trustee Expenses: Richard B. Webber II | $ | $ | $ |
| Auctioneer Fees: Robert H. Ewald | $ | $ | $ |
| Auctioneer Expenses: Robert H. Ewald | $ | $ | $ |

Total to be paid for chapter 7 administrative expenses          $_____

Remaining Balance                                          $_____

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $         must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

NONE

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $          have been allowed and will be paid *pro* *rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be        percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 2 | Partners Fed Cr Un | $ | $ | $ |
| 3 | Capital One Bank (Usa) NA | $ | $ | $ |

Total to be paid to timely general unsecured creditors          $_____

Remaining Balance                                               $_____

Tardily filed claims of general (unsecured) creditors totaling $        have been allowed and will be paid *pro* *rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be        percent.

Tardily filed general (unsecured) claims are as follows:

NONE

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $       have been allowed and will be paid *pro* *rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be       percent.

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE